**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **EDWARD LEE MILLER** | ) |
| | ) |
| v. | )   3-05-CV-2379-R |
| | ) |
| **NATHANIEL QUARTERMAN, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Kenedy, Texas, serving a conviction for the offense of unlawful delivery of a controlled substance.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of guilty to the offense of unlawful delivery of a controlled substance as charged in the indictment in No. F-93-60042-KN Miller was sentenced to a 15-year term of imprisonment on June 11, 1993. On or about September 11, 2003, he was released on mandatory supervision. As a condition of his release Petitioner was required to reside at the Wayback House. On January 11, 2004, Miller failed to return to the residence at the designated

time, as a result of which a warrant for his arrest was issued by the Parole Division of the Texas Department of Criminal Justice on the same date. The warrant was not executed until November 1, 2004, while he was in the Tarrant County Jail on new charges.

On November 10, 2004, Greg Morris met with Miller at which time Miller was provided with a document reflecting his rights and the alleged violations of his conditions of supervised release. Miller admitted that he had committed each alleged violation and requested a revocation hearing. The hearing was conducted on November 23, 2004, at the conclusion of which the hearing officer recommended that his mandatory supervision release be revoked. On December 9, 2004, the Board of Pardons and Paroles revoked his release.[1]

Miller filed an art. 11.07 application in the convicting court on March 3, 2005. After the trial court filed its findings of fact and conclusions of law, the Texas Court of Criminal Appeals denied his application based on the trial court's findings on October 26, 2005.Miller thereafter filed the instant petition. In response to this court's show cause order Respondent filed his answer together with copies of Petitioner's prior state proceedings.[2] Miller filed his rebuttal on February 16, 2006.

**Findings and Conclusions**: Miller asserts five separate, but inter related, grounds attacking the parole board's revocation of his mandatory supervision release. Disposition of the petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").

In pertinent part the AEDPA limits a federal court's authority to grant habeas corpus relief

---

[1] The history of Miller's period of release is documented at 0049-63 of his art. 11.07 application filed in No. 54,239-02.

[2] Application No. 54-239-01, denied on December 4, 2002, is irrelevant to the issues raised in the present action.

unless the state court's adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State proceeding." 28 U.S.C. § 2254(d)(1) and (2).

Unlike a criminal proceeding and the rights which are due an accused, the rights which are due a convicted person subject to revocation of parole are more limited. The rights to which a parolee is entitled are set out in <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489, 92 S.Ct. 2593 (1972); <u>see also</u> <u>Gagnon v. Scarpelli</u>, 411 U.S. 773, 789-90, 93 S.Ct. 1756 (1973).

Miller specifically claims that his mental status at the time of the revocation hearing should have been addressed and that due to his mental health he should have received the assistance of counsel. <u>See</u> grounds one, three and four. He also claims that his revocation was not conducted in accordance with the rules and regulations adopted by the Texas Board of Pardons and Parole (ground two). He further claims that his right to confront adverse witnesses was violated (ground three). Finally, he claims that his revocation hearing did not comply with the provisions of the Americans With Disabilities Act (the "ADA") (ground five).

A convicted felon subject to revocation of parole is not entitled to counsel as a matter of right. The Court in <u>Morrissey</u> declined to address the issue. 408 U.S. at 489. In <u>Gagnon</u>, the Court noted that the issue with respect to appointed counsel was an issue to be decided on a case-by-case basis, subject to the exercise of sound discretion by the responsible state authority. 411 U.S. at 789-90.

In Miller's case, although he was apprised of the fact that he could retain counsel for the

3

revocation hearing, the hearing officer refused to appoint an attorney.  Although he claims to have suffered from a mental impairment, the record fails to disclose any information presented to the hearing officer suggesting that he suffered an impairment which would call into question his competence to proceed.  Aside from his conclusory claims there is nothing to show a "bona fide doubt" regarding his competency.  See Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836 (1966).

In finding that Miller was not entitled to appointed counsel, the hearing officer determined that he appeared to understand the proceedings and that there was no complex issues involved.  In denying relied on his art. 11.07 application, the Texas Court of Criminal Appeals implicitly found that the hearing officer did not abuse discretion in determining that Petitioner was not entitled to the services of appointed counsel.  Miller has failed to show that the decision constituted an unreasonable application of the decisions of the United States Supreme Court.

Insofar as Miller claims violations of Texas state rules and regulations, his petition fails to state a cognizable basis for relief.  See § 2254(d)(1) - limiting relief to issues determined by the Supreme Court; see also Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

It is not entirely clear what violation Petitioner is claiming in his fourth ground for relief. In pleading guilty to a criminal charge a defendant waives his right to confrontation provided in the Sixth Amendment.  The same is no less true in the context of a parole revocation proceeding in which the parolee admits the violations charged.  See e.g. United States v. Holland, 850 F.2d 1048, 1050-51 (5th Cir. 1988).  On the other hand, if Miller is claiming that his supervising parole officer, Lottie Tucker, could have or would have presented mitigating circumstances, see e.g. United States v. Turner, 741 F.2d 696-697 (5th Cir. 1984), he has wholly failed to show either what the parole officer would have reported at the revocation hearing or that the officer's statements probably would

4

have resulted in a continuation of his term of mandatory supervision release

A review of Miller's art. 11.07 application confirms Respondent's contention that he has failed to exhaust his ADA claim. However, a failure to exhaust does not preclude a federal court from denying relief on an unexhausted claim. § 2254(b)(2). The Supreme Court has never determined that any provisions of the ADA are application to a parole revocation proceeding and therefore this ground fails to state a cognizable basis for federal habeas corpus relief.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 2nd day of August, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.